## Richmond

### BOARD OF SUPERVISORS OF PRINCE WILLIAM COUNTY, VIRGINIA v. HYLTON ENTERPRISES, INC.

January 16, 1976.

Record No. 741127.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*F. Caldwell Bagley*, for plaintiff in error.

*Donald C. Stevens* (*Hazel, Beckhorn & Hanes*, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

The question for our determination in this appeal is whether a writ of mandamus may properly issue to require county officials to take action within specified time limits on applications for approval of subdivision plats and site plans.

On July 3, 1973, Hylton Enterprises, Inc., filed in the trial court its petition for a writ of mandamus to compel the Board of Supervisors and the Director of Public Works of Prince William County, and all persons under their control, to discharge their ministerial duties pursuant to the provisions of the County Subdivision Control and Zoning ordinances and the state statutes. Hylton alleged that, although it had submitted numerous subdivision plats and site plans to the proper county officials for review, responsive comment and approval, it had been unable to get any action on these applications, or any indication as to when action would be taken. Hylton listed the projects for which plats and plans had been submitted from time to time during the period beginning early in 1972 and ending in June, 1973. In its petition Hylton not only sought to compel the review of its applications, but also sought to compel the approval of such plats and plans as were found to comply with all legal requirements, within a schedule to be set by the court.

Respondents filed a demurrer to the petition on the grounds that an adequate remedy was available by proceedings either for declaratory judgment or for relief under Code § 15.1-475 (Repl. Vol. 1973),[1] and that there was no allegation of any clearly established right in Hylton and legal duty on respondents to act within any particular time period.

At a hearing on December 28, 1973, after the Director of Public Works had represented that action on numerous Hylton applications could be processed by his office within specified time limits, the trial court suggested that respondents adhere to a tentative schedule, based upon the Director's testimony, to resolve the controversy. The court deferred ruling on the demurrer and continued the hearing until

---

[1] Code § 15.1-475 (Repl. Vol. 1973), provides in pertinent part:

\* \* \*

"If a local commission or other agent fails to approve or disapprove the proposed plat within sixty days after it has been officially submitted for approval the subdivider, after ten days' written notice to the commission, or agent, may petition the circuit or corporation court of the county or municipality in which the land involved . . . is located, to decide whether the plat should or should not be approved. The court shall hear the matter and make and enter such order with respect thereto as it deems proper."

\* \* \*

"Nothing in this article shall be deemed to prohibit the local governing body from providing in its ordinance for the submission of preliminary subdivision plats for tentative approval under such rules of preparation and procedure as may be set forth in said ordinance."

February 28, 1974, at which time progress was reported and, without objection, the matter was again continued.

On July 2, 1974, the trial court conducted an *ore tenus* hearing on the merits. At that time respondents had not yet processed various Hylton applications, several of which had been submitted early in 1972. By the provisions of the order as entered July 19, 1974, (but copied incorrectly in the joint appendix), the trial court directed that, within 30 days, the Director of Public Works report his recommendations to the Board and the Board approve or disapprove Hylton projects designated as Sections 9-G-1, 9-I, 9-J and T-15. With respect to Sections T-7 and T-14, the court ordered the Director to report his recommendations to the Board within 60 days. The court ordered that, within 90 days, the Director accept the final plat and site plan for Section T-6 and report his recommendations to the Board and the Board approve or disapprove. The court directed the Board to approve or disapprove the final site plan for Section G-1 within 30 days, and the final site plan for Section G-2 within 90 days. The court denied all other relief sought by Hylton, retained jurisdiction to ensure compliance with the order, and suspended the effect of the order for 30 days to permit respondents to initiate this appeal.

■ There is no dispute as to the legal principles involved. Before a writ of mandamus may issue there must be a clear right in the petitioner to the relief sought, there must be a legal duty on the part of the respondent to perform the act which the petitioner seeks to compel, and there must be no adequate remedy at law. *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 152, 104 S.E.2d 813, 817 (1958). Mandamus is the proper remedy to compel performance of a purely ministerial duty, but it does not lie to compel the performance of a discretionary duty. *Griffin* v. *Board of Supervisors*, 203 Va. 321, 124 S.E.2d 227 (1962). A duty is no less ministerial, however, because an officer has to determine the existence of the facts which make it necessary for him to act. *Lewis* v. *Christian*, 101 Va. 135, 43 S.E. 331 (1903).

Hylton contends that respondents' functions in processing the subdivision plats and site plans are purely ministerial, although the substance of the reports and recommendations lies within the discretion of the responsible officials. We agree.

In *C. C. & Ohio Ry.* v. *Scott County*, 109 Va. 34, 63 S.E. 412 (1909), the railroad, as required by law, petitioned the board of supervisors for its consent to a proposed alteration of a county road. The board refused to entertain the petition until the railroad had

constructed the new road. We held that mandamus would lie to compel the board to give or refuse its consent to the proposed alteration before construction commenced. Likewise, in *Funeral Directors' Ass'n* v. *Groth*, 202 Va. 792, 120 S.E.2d 467 (1961), where the Director of Public Safety for the City of Richmond declined to promulgate rules and regulations restricting parking at funerals, as required by local ordinance, we awarded mandamus to compel him to act, without, however, controlling the contents of the rules and regulations which he, in his discretion, would promulgate. To the same effect, in *Hicks* v. *Anderson*, 182 Va. 195, 28 S.E.2d 629 (1944), we approved the issuance of a writ of mandamus to compel the State Highway Commissioner to initiate condemnation proceedings, as provided by statute, within sixty days after completion of highway construction. *Stroobants* v. *Highway Com.*, 209 Va. 275, 163 S.E.2d 192 (1968), relied on by respondents, is distinguishable. There, we denied mandamus where the facts were similar to those in *Hicks* v. *Anderson, supra,* because a 1968 amendment to the Declaratory Judgment Law had specifically provided an adequate, available remedy in such cases.

We have recently held that mandamus will lie to compel a local planning commission not only to act but to approve a site plan application where the applicant has complied with all existing ordinances, thus rendering the commission's function purely ministerial. *Planning Commission* v. *Berman*, 211 Va. 774, 180 S.E.2d 670 (1971). However, in the present case, the trial court ordered the respondents to act, but declined to dictate the results of the action.

Respondents correctly assert that Code § 15.1-475 provides a remedy for an applicant whose subdivision plats have not been timely processed. Nevertheless, because this statute does not contemplate the review and responsive comment which Hylton seeks, the remedy, while available, may not be adequate. Moreover, respondents concede that the statute does not provide a means for compelling action on site plans.

Respondents maintain that, as to site plans, Hylton had an adequate remedy in a declaratory judgment proceeding. However, where claims and rights asserted have fully matured, and the alleged wrongs have already been suffered, a declaratory judgment proceeding, which is intended to permit the declaration of rights before they mature, is not an available remedy. *Liberty Mutual Ins. Co.* v. *Bishop*, 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970). Moreover, where the issues have been fairly joined, the rights of the parties have been fully

protected, and the trial court has made an adjudication of the controversy on the merits in mandamus proceedings, when a declaratory judgment should have been sought, the procedural error is harmless. *May* v. *Whitlow*, 201 Va. 533, 111 S.E.2d 804 (1960). Therefore, there is no merit in respondents' contention that the trial court committed reversible error in disposing of the controversy on the merits.

The time schedule mandated by the trial court was based upon estimates provided by the Director of Public Works in his testimony. While respondents object to the imposition of any schedules upon them, they do not contend that the time requirements are unreasonable.

The trial court twice refrained from ordering respondents to act, until it became apparent, after more than six months, that they would not act voluntarily. Respondents not only failed to act, but they failed to explain why action, either affirmative or negative, could not be taken.

The record shows that Hylton's applications comprised as many as one-fourth to one-half the applications pending before respondents. The statement of respondents' counsel on brief that Hylton's applications were submitted after many other unprocessed plats and site plans had been received is not supported by the record. There was no evidence that any applications submitted before Hylton's had not been processed, or that any applicant who might have filed before Hylton had pressed for prompt approval of his plat and site plan. Indeed, it is uncontradicted that there were sewer problems inhibiting development in many areas of the county but not in the Dale City area, where Hylton's proposed development projects were located. Although there was no evidence of discriminatory treatment of Hylton by respondents, petitioner should not be penalized for any lack of diligence on the part of other applicants.

Accordingly, we hold that the trial court properly ruled that mandamus would lie to compel action by the respondents within the times specified in the final order.

*Affirmed.*