Present: All the Justices

ANCIENT ART TATTOO STUDIO,
LTD., ET AL.

v. Record No. 011299 OPINION BY JUSTICE CYNTHIA D. KINSER
                                              APRIL 19, 2002
CITY OF VIRGINIA BEACH, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge


In this appeal, we consider whether the circuit court erred in denying mandamus relief to petitioners who sought approval of applications to operate tattoo establishments. Because we conclude that a zoning administrator's decision on the applications involved the performance of a discretionary duty, we will affirm the circuit court's judgment.

FACTS AND MATERIAL PROCEEDINGS

In a petition for a writ of mandamus, Ancient Art Tattoo Studio, Ltd. (Ancient Art) challenged the validity of an ordinance of the City of Virginia Beach (the City) that has prohibited the operation of tattoo establishments within the City limits since 1965. The circuit court ruled that the ordinance at issue, Virginia Beach City Code § 23-51, is inconsistent with the City's authority to regulate the conduct of tattoo parlors as set forth in Code § 15.2-

912, and also with the provisions of Code § 18.2-371.3.[1]

Thus, the court held that, to the extent that the City's denial of Ancient Art's previously filed application for a business license and certificate of occupancy to operate a tattoo parlor was premised on Section 23-51, the permits should be issued.  However, the court stated that Ancient Art must satisfy any other legitimate requirements of the City's ordinances.

Joseph M. Dufresne, president of Ancient Art, then filed another application to obtain the required permits to operate a tattoo parlor.[2]  The City's interim zoning administrator (Zoning Administrator) advised Dufresne that, in light of the circuit court decision invalidating Virginia Beach City Code § 23-51, she could not make a determination on the application until she had conducted further research.  Ancient Art then filed a petition for a supplemental writ of mandamus to require the Zoning Administrator to grant the requested approval immediately. In the petition, Ancient Art alleged that it had complied

---

[1] Virginia Beach City Code § 23-51(b) provided that "[i]t shall be unlawful for any person in the city to operate a tattoo establishment or engage in the practice or business of tattooing as a tattoo operator or as a tattoo artist."

[2] Ancient Art subsequently filed an application in its name.

with all the provisions of the City's zoning ordinance and that, therefore, issuing the required certificates is "a perfunctory ministerial procedure" that is generally handled "at the counter." Ancient Art asserted, however, that the Zoning Administrator purposefully delayed approval of its applications in order to allow the City sufficient time in which to amend its zoning ordinance so as to preclude the operation of tattoo establishments in certain zoning districts.

At a hearing on Ancient Art's supplemental petition, the court heard testimony from Dufresne and the Zoning Administrator. According to Dufresne, the Zoning Administrator stated that "she had 90 days to make a decision, and she was instructed [by the City Attorney's office] to take the full 90 days." However, the Zoning Administrator disputed Dufresne's assertion and instead testified that she had been requested not to issue permits for tattoo establishments "over the counter." She acknowledged that businesses performing temporary tattooing and body piercing had been previously classified as "personal service establishments" that are permitted in the City's RT-2 Resort Tourist District. See Virginia Beach City Code §§ 1510 and 1511. However, the Zoning Administrator explained that, because of the invalidation

3

of the City's ordinance banning tattoo establishments and the absence of any other ordinances specifically addressing the practice of tattooing, she needed time to determine the appropriate classification for a tattoo parlor.  She also stated that she was aware of and could not ignore the fact that the City had pending amendments to its zoning ordinance regarding the classification and location of tattoo parlors.  Nevertheless, she admitted that if she "had to make a decision today, . . . [the] tattoo parlors can go into place."

The circuit court denied the petition, concluding that the City should have a reasonable period of time in which to consider Ancient Art's applications and enact appropriate zoning regulations relating to the location and operation of tattoo establishments.  The court subsequently entered an order memorializing this ruling.

On April 24, 2001, a few days before entry of the court's final order, the City adopted several amendments to its zoning ordinance.  The amendments permit the operation of tattoo parlors in the City's B-2 Business District with a conditional use permit.  However, the amendments specifically prohibit the operation of tattoo parlors in the City's RT-2 Resort Tourist District, where Ancient Art had originally planned to open a tattoo establishment.

4

Ancient Art appeals from the denial of its petition for a supplemental writ of mandamus. It contends that the Zoning Administrator is not authorized to take up to 90 days to rule on pending applications. Instead, relying on Virginia Beach City Code § 103(e), Ancient Art asserts that the issuance of a certificate of occupancy is mandatory upon the applicant's compliance with the requirements of the City's zoning ordinance, and that the Zoning Administrator cannot delay approval in order for the City to enact zoning changes. Thus, Ancient Art argues that, because it satisfied all existing zoning requirements, the circuit court should have granted a writ of mandamus directing immediate approval of Ancient Art's pending applications.

## ANALYSIS

Mandamus is an extraordinary remedy that may be used "to compel performance of a purely ministerial duty, but it does not lie to compel the performance of a discretionary duty." Board of County Supervisors v. Hylton Enters., Inc., 216 Va. 582, 584, 221 S.E.2d 534, 536 (1976) (citing Griffin v. Board of Supervisors, 203 Va. 321, 328, 124 S.E.2d 227, 233 (1962)); accord Town of Front Royal v. Front Royal & Warren County Indus. Park Corp., 248 Va. 581, 584, 449 S.E.2d 794, 796 (1994); Early Used Cars, Inc. v.

5

*Province*, 218 Va. 605, 609, 239 S.E.2d 98, 101 (1977). A writ of mandamus may be issued only when there is a clear right to the relief sought, a legal duty to perform the requested act, and no adequate remedy at law. *Hylton Enters.*, 216 Va. at 584, 221 S.E.2d at 536; *Richmond-Greyhound Lines v. Davis*, 200 Va. 147, 151-52, 104 S.E.2d 813, 816-17 (1958).

Applying these principles, we conclude that Ancient Art was not entitled to a writ of mandamus. After the circuit court decided that the City's long-standing ordinance banning the operation of tattoo establishments was not valid, the Zoning Administrator had to look to the City's zoning ordinance to determine, for the first time, how tattoo parlors should be classified for the purpose of deciding in which zoning districts those establishments could be located. Unlike the situation in *Town of Jonesville v. Powell Valley Village Limited Partnership*, 254 Va. 70, 77-78, 487 S.E.2d 207, 212 (1997), where the town had no zoning regulations in effect after its zoning ordinance was declared void *ab initio*, the City's zoning ordinance was not affected by the court's ruling and provided the framework for the Zoning Administrator's decision on Ancient Art's applications. Contrary to Ancient Art's argument, tattoo establishments did not,

6

after the ban was invalidated, automatically fall into the category of "personal service establishments" that are permitted in the RT-2 Resort Tourist District, see Virginia Beach City Code § 1511, merely because establishments providing temporary tattoos, body piercing, and permanent make-up had previously been given that classification. This is so even if Ancient Art is correct in its assertion that permanent make-up "is nothing more than tattooing by another name."

Thus, in the absence of any zoning regulation regarding the operation or location of tattoo parlors, or a definition of the term "personal service establishments" in the City's zoning ordinance, the determination as to how to classify a tattoo parlor necessarily involved the exercise of discretion by the Zoning Administrator. Even if Ancient Art had complied with all other zoning requirements, the Zoning Administrator's decision, in these circumstances, remained discretionary and was not the performance of a purely ministerial duty. As this Court stated many years ago:

> [I]t is well settled that mandamus will not lie to compel the performance of any act or duty necessarily calling for the exercise of judgment and discretion on the part of the official charged with its performance.
>
> . . . .

7

> [W]here the official duty in question involves the necessity on the part of the officer of making some investigation, and of examining evidence and forming his judgment thereon mandamus will not lie.

Thurston v. Hudgins, 93 Va. 780, 783, 20 S.E. 966, 967-68 (1895) (citations and quotation marks omitted), quoted in Richlands Medical Assoc. v. Commonwealth ex rel. State Health Comm'r, 230 Va. 384, 386-87, 337 S.E.2d 737, 739 (1985).

Relying on our decision in Planning Commission v. Berman, 211 Va. 774, 180 S.E.2d 670 (1971), Ancient Art nevertheless contends that the Zoning Administrator purposefully delayed making a decision on its applications so that the City would have time to amend its zoning ordinance in order to preclude the location of tattoo parlors in certain zoning districts. In Berman, the petitioners sought approval of a site plan and issuance of a building permit for a free standing restaurant in a zoning district that permitted such restaurants as a matter of right. We concluded that the evidence supported the trial court's decision that the reasons given for denying approval of the site plan were "purely 'technical' and constituted an effort to illegally control the use of the land contrary to the existing zoning law[.]" Id. at 775-76, 180 S.E.2d at 671-72. The denial of approval was not

8

predicated on the applicant's failure to comply with zoning regulations, but on the desire of the planning commission to prevent any further increase in the number of free standing franchise restaurants on a particular street.  Id. at 776, 180 S.E.2d at 672.

Ancient Art overlooks a significant difference between the facts in Berman and those in the present case.  There, the restaurant was to be located in a zoning district that permitted free standing restaurants as a matter of right. Once the applicant complied with any other zoning requirements, approval of the site plan and issuance of the building permit were purely ministerial acts.  In contrast, the City's zoning ordinance did not specifically permit the operation of a tattoo parlor as a matter of right in any particular zoning district.  Rather, the right to operate such an establishment in a particular zoning district, specifically the RT-2 Resort Tourist District, depended on its classification under the City's zoning ordinance.  As already noted, that determination was a discretionary act.

The Zoning Administrator also was not required to make a decision "over the counter" as Ancient Art argues.  Under Code § 15.2-2286(A)(4), the Zoning Administrator had 90 days in which to respond to Ancient Art's applications. The provisions of Virginia Beach City Code § 103(e) do not

alter or reduce that 90-day period. Instead, Section 103(e) merely requires the Zoning Administrator to "issue such certificate if [she] finds that all of the requirements of this ordinance have been met[.]" To make the finding that Ancient Art had satisfied all requirements of the City's zoning ordinance, the Zoning Administrator first had to determine the appropriate classification for a tattoo establishment.

Our decision is not altered by the Zoning Administrator's testimony that, if she "had to make a decision today," she would issue the certificate. She was not required, under the provisions of either Code § 15.2-2286 or Virginia Beach City Code § 103(e), to make a decision on the day that Ancient Art submitted its applications. Nor was Ancient Art entitled to a decision under the City's existing zoning ordinance before the enactment of the amendments. See Parker v. County of Madison, 244 Va. 39, 42, 418 S.E.2d 855, 857 (1992)(the obligation to act in accordance with the new law, not the former, is not affected by the mere filing of an application before the new law becomes effective). Additionally, we note that the circuit court's order specified that the denial of mandamus relief was without prejudice to Ancient Art's right to file a petition for a

10

writ of mandamus if the City failed to act on Ancient Art's pending applications within 60 days of March 26, 2001.

Thus, we conclude that mandamus was not an appropriate remedy to obtain the relief sought by Ancient Art. Accordingly, the circuit court did not err in denying Ancient Art's petition for a supplemental writ of mandamus, and we will affirm the circuit court's judgment.

<u>Affirmed</u>.