Present: All the Justices

THE HONORABLE STACEY W. MOREAU, JUDGE
OF THE JUVENILE AND DOMESTIC RELATIONS
DISTRICT COURT FOR THE 22ND JUDICIAL DISTRICT

v. Record No. 062688    OPINION BY JUSTICE DONALD W. LEMONS
                                        June 6, 2008
WILLIAM H. FULLER, III,
COMMONWEALTH'S ATTORNEY
OF THE CITY OF DANVILLE

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

In this appeal, we consider among other issues, whether a

circuit court may issue a writ of mandamus directing a

juvenile and domestic relations district court judge, who has

taken a case involving criminal charges under advisement for

deferred disposition, to immediately make a final disposition

in the case.

I. Facts and Proceedings Below

The Honorable Stacey W. Moreau ("Judge Moreau"), a judge

of the Juvenile & Domestic Relations District Court of the

City of Danville presided over the case of Commonwealth v.

Dareance Montae Skipwith, Case No. JA016152-01-00.  Skipwith,

an adult, was charged with contributing to the delinquency of

a minor, a misdemeanor under Code § 18.2-371.  Upon hearing

the evidence in the case, Judge Moreau found the evidence

sufficient to convict the defendant, however, upon request of

the victim's mother, she did not enter a judgment of

conviction, and took the matter under advisement for final disposition at a later date.  The court stated it would "defer judgment given the facts and request of the victim's mother." Judge Moreau checked the box on the back of the warrant stating, "place accused on probation, §§ 4.1-305, 18.2-57.3, 18.2-251 or 19.2-303.2.  Costs imposed on defendant." However, there is no signature of the judge on this document. A separately prepared order which was signed stated:

> FINDINGS OF THE COURT:
>
> > Sufficient evidence to convict the defendant of the charge.  The Court finds that it has the authority to take that matter under advisement per Powell v. Commonwealth, 36 Va. App. 231 (2001) and the dicta noted in the Danville Circuit Court opinion in the matter of Commonwealth v. Bryant, 57 Cir. 162 (12/3/2001), noting "(a)fter considering the authorities cited, this court is of the opinion that to the extent it has the authority to defer judgment, it is nevertheless inappropriate to do so in this case."
>
> It IS ORDERED THAT:
> The Court finds that it is appropriate in this matter to defer judgment given the facts and request of the victim's mother.  The matter is continued to 09/28/2006 at 8:00 a.m.

Contemporaneous records of the Juvenile and Domestic Relations District Court of the City of Danville indicated that if there were "no problems" then no appearance of the defendant or any witnesses would be required and the case would be dismissed.

2

These contemporaneous records were not in the form of an order.

William H. Fuller, III, Commonwealth's Attorney for the City of Danville ("Fuller") objected to Judge Moreau's continuance of the matter for deferred disposition and filed a Petition for a Writ of Mandamus in the Circuit Court of the City of Danville. The Petition requested that Judge Moreau be directed to render final judgment in the underlying Skipwith case and that she desist taking matters under advisement in the future.

The Circuit Court of the City of Danville issued a writ of mandamus ordering Judge Moreau to "enter final judgment in the case of Commonwealth v. Dareance Montae Skipwith" and further held that:

> Deferred adjudication/disposition is only available to a trial court when a defendant is charged under a criminal statute that specifically authorizes such deferment wherein the judge can then dismiss the case.
>
> Section 18.2-371, contribution to the delinquency of a minor, does not specifically provide for deferred adjudication/disposition.
>
> A deferred adjudication/disposition of a violation of § 18.2-371, contributing to the delinquency of a minor, exceeds the scope of Virginia law.
>
> [Judge Moreau's] finding of facts as to the sufficiency of the evidence was a discretionary function. However, nothing in this order prevents [Judge Moreau] from revisiting that discretionary finding. But, once [Judge Moreau] has made a

3

finding as to the sufficiency of the evidence, then a determination as to the guilt or innocence of the accused is a ministerial and not a discretionary judicial function.

Therefore, a writ of mandamus is appropriate to compel [Judge Moreau] to perform the ministerial act of making a final disposition of the case in Commonwealth v. Dareance Montae Skipwith.

We granted Judge Moreau an appeal upon three assignments of error that challenge the propriety of mandamus to compel her to enter final judgment in the underlying case and include the following procedural claims: "There was no service of process on the criminal defendant, Skipwith[,][1] [t]he [p]etition for [m]andamus failed to allege that [p]etitioner had no other adequate remedy[,][2] [t]he Commonwealth's Attorney lacked standing to bring the [p]etition for [m]andamus in his name, and the Commonwealth's Attorney exceeded his authority to pursue a civil suit on behalf of the Commonwealth of Virginia."  Further, Judge Moreau maintains that the trial

---

[1] On brief, Judge Moreau argues that Skipwith was a necessary party and that failure to make him a party by serving him in the mandamus proceedings invalidated the granting of the writ.  There is some divergence between the expression of this contention in the assignment of error and in the brief, but in view of our disposition of the appeal on other grounds it is not necessary to consider whether the argument provided on brief impermissibly departs from the wording of this assignment of error under Rules 5:27 and 5:17(c).

[2] A review of the record indicates that this assignment of error is factually inaccurate. Fuller did maintain in the trial court, in arguments made in a memorandum of law filed in support of his petition, that he had no other adequate remedy.

4

court erred in issuing a writ of mandamus because she "had authority to take the case under advisement and dismiss the charge."

## II.  Analysis

### A.  Standard of Review

The issue whether Fuller has standing to file the petition for a Writ of Mandamus, the question of Judge Moreau's authority to grant a "deferred sentence," and the determination whether mandamus lies as an extraordinary remedy are all questions of law subject to de novo review upon appeal.  Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006).

### B.  Standing

Judge Moreau contests Fuller's authority as Commonwealth's Attorney to pursue the civil remedy of mandamus.  The general requirements of standing have often been stated:

> The purpose of requiring standing is to make certain that a party who asserts a particular position has the legal right to do so and that his rights will be affected by the disposition of the case. Thus, a party claiming standing must demonstrate a personal stake in the outcome of the controversy.

Goldman v. Landsidle, 262 Va. 364, 371, 552 S.E.2d 67, 71 (2001) (internal citations omitted).  Judge Moreau further argues that only the Attorney General of Virginia has the

authority to pursue this civil action. Recently, we have considered petitions brought by elected Commonwealth's Attorneys seeking the issuance of special writs of prohibition or mandamus. In re: Robert F. Horan, Jr., 271 Va. 258, 634 S.E.2d 675 (2006); In re: Commonwealth's Attorney for the City of Roanoke, 265 Va. 313, 576 S.E.2d 458 (2003). The issue of standing or authority of the Commonwealth's Attorney to bring such actions was not raised in either of those cases. While it is clear that Commonwealth's Attorneys are limited in the matters they may pursue, they are not entirely confined to criminal actions. As Fuller points out, the Commonwealth's Attorney's civil responsibilities include, among others,[3]

---

[3] See, e.g., Code §§ 2.2-3126(A) (conflict of interest opinions); 3.1-249.70(B) (enjoining pesticide violations); 3.1-616(2) (apple injunctions); 3.1-722.11(B) (farm produce injunctions); 6.1-2.27(C) (Consumer Real Estate Settlement Protection Act injunctions); 8.01-622.1(B) (enjoining assisted suicide); 8.01-637(A) (instituting actions *in quo warranto*); 10.1-1320.1 (seeking fines and penalties for Air Pollution Control Board); 18.2-245(b) (enjoining continuing sales frauds *in addition to any available criminal sanctions*); 18.2-339 (enjoining gambling); 18.2-371.2(D) (civil actions for sale of tobacco to minors); 18.2-384(1) (determining obscenity of books); 21-220 (enjoining pollution of tidal waters); 32.1-125.2(B) (medical care facilities and services injunctions); 40.1-49.6(A) (must represent the Commonwealth in civil matters involving enforcement of health and safety labor provisions); 48-8 (prostitution injunctions); 54.1-2964(B) (enjoining violations of laws relating to the disclosure of interest in facilities and clinical laboratories); 54.1-3943 (attorney solicitation injunctions); 57-23 (appointment or removal of trustees of public cemeteries); 57-25 (condemnation of land to establish local cemeteries); 57-59(C) (charitable solicitation and terrorism injunctions); 58.1-339.10(D) (assisting the

6

enjoining common nuisances relating to alcohol, Code § 4.1-335, and instituting seizures of property used in the sale and distribution of drugs, Code § 19.2-386.1.

Clearly, the general delegation of authority to the Attorney General to handle civil matters on behalf of the Commonwealth contained in Code § 2.2-507 has been subject to exceptions.  We have considered such petitions in the recent past without objection by the parties or the Commonwealth and we now hold that at a minimum, the Commonwealth's Attorney has standing to seek mandamus or prohibition in a matter involving an ongoing criminal prosecution.

### C.  Mandamus

As we have recently stated:

> "Mandamus is an extraordinary remedy that may be used 'to compel performance of a purely ministerial duty, but it does not lie to compel the performance of a discretionary duty.' " Ancient Art Tattoo Studio, Ltd. v. City of Virginia Beach, 263 Va. 593, 597, 561 S.E.2d 690, 692 (2002) (quoting Board of County Supervisors v. Hylton Enters., Inc., 216 Va. 582, 584, 221 S.E.2d 534, 536 (1976)). "A ministerial act is 'one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done.' " Richlands Medical Ass'n. v.

---

State Forester in collecting taxes); 58.1-3354 (correcting assessments); 59.1-68.4 (Home Solicitations Sales Act and deceptive trade practices injunctions); 62.1-194.1(B) (enjoining obstruction or contamination of waters); 62.1-194.3(c) (enjoining obstruction or dumping in the Big Sandy River).

Commonwealth of Virginia, 230 Va. 384, 386, 337
S.E.2d 737, 739 (1985) (quoting Dovel v. Bertram,
184 Va. 19, 22, 34 S.E.2d 369, 370 (1945)).
However, when the act to be performed involves the
exercise of judgment or discretion on the part of
the court or judge, it becomes a judicial act and
mandamus will not lie. Dovel, 184 Va. at 22, 34
S.E. at 370.

In re: Commonwealth's Attorney, 265 Va. at 317-18, 576 S.E.2d
at 461.

As we explained in Page v. Clopton, 71 Va. (30 Gratt.)
415 (1878):

[Mandamus] may be appropriately used and is
often used to compel courts to act where they
refuse to act and ought to act, but not to direct
and control the judicial discretion to be
exercised in the performance of the act to be
done; to compel courts to hear and decide where
they have jurisdiction, but not to pre-determine
the decision to be made; to require them to
proceed to judgment, but not to fix and prescribe
the judgment to be rendered.

Id. at 418.

The Constitution of Virginia declares fundamental powers
in three branches of government:  "The chief executive power
of the Commonwealth shall be vested in a Governor."  Va.
Const. art. V, § 1.  "The legislative power of the
Commonwealth shall be vested in a General Assembly, which
shall consist of a Senate and House of Delegates."  Va. Const.
art. IV, § 1.  "The judicial power of the Commonwealth shall
be vested in a Supreme Court and in such other courts of
original or appellate jurisdiction subordinate to the Supreme

8

Court as the General Assembly may from time to time establish." Va. Const. art. VI, § 1. The division of these fundamental powers is to be distinct: "The legislative, executive, and judicial departments shall be separate and distinct, so that none exercise the powers properly belonging to the others . . ." Va. Const. art. III, § 1.

At the heart of this declaration and separation of powers are roles that are uniquely allocated to the identified departments of government. For example, the judiciary and the legislature may not assume a power of clemency or pardon which is a unique function of executive power. The Governor and the judiciary may not assume the function of statutory enactment, a power unique to the legislative function. And although the subject matter of the judiciary's power may, in some ways be limited by legislative action, the essential function of the judiciary – the act of rendering judgment in matters properly before it – may not be abridged by either the executive or legislative branches.

The judiciary's inherent power derives from its existence as an institution entrusted with the function of rendering judgment. To deny this function is to deny the very institution itself. The court's inherent power has been recognized to extend to matters "incident to the exercise of the judicial power which is vested" in it. Button v. Day, 204

9

Va. 547, 553, 132 S.E.2d 292, 296 (1963) (citation omitted).

See 2 A. E. Dick Howard, Commentaries on the Constitution of

Virginia 718-20 (1974).  The United States Supreme Court

addressed this fundamental power and observed that division of

powers within the federal constitution "gives the Federal

Judiciary the power, not merely to rule on cases, but to

*decide* them, subject to review only by superior courts in the

Article III hierarchy – with an understanding, in short, that

'a judgment conclusively resolves the case' because 'a

"judicial Power" is one to render dispositive judgments.' "

Plaut v. Spendthrift Farm, 514 U.S. 211, 218-19 (1995).

The case before us immediately presents definitional

problems. Terms such as "deferred judgment," "taking under

advisement," and "continuance for disposition" appear at times

to be used interchangeably.  We must penetrate the confusion

created by descriptive terms and address the underlying

conduct to determine what is within the inherent authority of

the judiciary and what may be beyond its boundaries.

Upon hearing the evidence in the criminal proceeding at

issue in this case, it was within the inherent authority of

the court to "take the matter under advisement" or "continue

the case for disposition" at a later date.  Such practices

involve the essence of rendering judgment.  No one contends

that the judge must immediately render judgment upon the

10

instant that the presentation of evidence has been concluded.

What may in a proper case be reasonably subject to challenge is whether the judge may decline to render judgment and continue the case with or without terms akin to probation status with the promise from the court of a particular disposition at a later date.[4]  However, the case before us does not present such questions.

The purported disposition on the back of the warrant is not an order because it is not signed by the judge. Consequently, the order of the juvenile court that we must consider is the independently generated order that is signed by the judge.  This order finds that there is "sufficient evidence to convict the defendant of the charge" and "finds that it is appropriate in this matter to defer judgment given the facts and request of the victim's mother.  This matter is continued to 09/28/2006 at 8:00 a.m."

We have repeatedly stated that a court speaks only through its written orders.  Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 103, 639 S.E.2d 174, 177 (2007). The underlying juvenile court order in this case has no terms

---

[4] We note that while a case is pending, a court retains the power to continue bail requirements pursuant to statutory authority.  We need not determine whether such power is within the inherent power of the courts because the issue is not before us and there is express statutory authority that supports it.

11

or conditions and no provision of a future disposition. It merely declares that the evidence is sufficient to convict the defendant and continues the matter to a date certain. Nothing contained in the order is beyond the power of the court.[5]

In the case before us, the trial court issued a Writ of Mandamus to Judge Moreau compelling her to "perform the ministerial act of making a final disposition of the case in Commonwealth v. Dareance Montae Skipwith." However, in reaching its decision, the trial court made the following holding as well:

> [Judge Moreau's] finding of facts as to the sufficiency of the evidence was a discretionary function. However, nothing in this order prevents [Judge Moreau] from revisiting that discretionary finding. But, once [Judge Moreau] has made a finding as to the sufficiency of the evidence, then a determination as to the guilt or innocence of the accused is a ministerial and not a discretionary judicial function.

While we agree with the trial court that finding of facts as to the sufficiency of the evidence is a discretionary function, we disagree that a determination as to the guilt or innocence of the accused is a ministerial function. "[A] judgment is a court's determination of the rights of the

---

[5] To the extent that the decision of the Court of Appeals in Gibson v. Commonwealth, 50 Va. App. 285, 649 S.E.2d 214 (2007), is inconsistent with the holding of this case, it is expressly overruled. See also Gibson v. Commonwealth, 276 Va. 176, 180-81, 662 S.E.2d 54, 57 (2008) (this day decided).

12

parties upon matters submitted to it in a proceeding." In re: Commonwealth's Attorney, 265 Va. at 319, 576 S.E.2d at 462. "The rendition of a judgment is the judicial act of the court." Rollins v. Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964). The trial court recognized this broad discretionary function when it observed that "nothing in this order prevents [Judge Moreau] from revisiting that discretionary finding." The very essence of adjudication and entry of judgment involves the discretionary power of the court.

As previously noted herein, a court speaks only through its orders and the underlying order of the juvenile court merely finds the evidence sufficient to convict the defendant of the charges and continues the case to a date certain. Such a disposition is within the discretionary authority of the court and as such is not subject to mandamus.

### III. Conclusion

We hold that the act of rendering judgment is within the inherent power of the court and that the very essence of adjudication and entry of judgment by a judge involves discretionary power of the court.

For these reasons, we will reverse the judgment of the trial court, vacate the writ of mandamus, and dismiss the petition.

13

JUSTICE KOONTZ, concurring.

I concur with the decision of the Court in this case, which properly limits its scope to issues presented by the record on appeal.  I write separately to stress that our decision in this case, as well as our decision in Gibson v. Commonwealth, 276 Va. 176, 662 S.E.2d 54 (2008) (this day decided), necessarily leaves unresolved a significant issue concerning the inherent authority of the trial courts of this Commonwealth to defer rendering final judgments in criminal cases.

Specifically, the issue we are unable to reach is whether a trial court, at the request of the accused and with the agreement of the Commonwealth, may in the exercise of inherent authority decline to render a judgment in a criminal case and continue the case to permit the accused to satisfy terms akin to probation with the understanding that the court will enter a particular disposition at a later date upon compliance by the accused with those terms.  It is a matter of common knowledge and practice of long standing in this Commonwealth that our trial courts have been entrusted to render justice in this manner in those exceptional cases that warrant this practice.

14

Surely, in time a case will come before this Court with the appropriate record to permit us to properly address this issue.  In the meantime, I am left only to observe that our trial courts' inherent authority to render justice in a given case should extend in scope sufficient at least to permit this procedure to be used in appropriate cases and upon consent of the accused and the Commonwealth.

JUSTICE KINSER, with whom JUSTICE KEENAN and JUSTICE AGEE join, concurring.

I agree in all respects with the majority opinion and the Court's decision in this case.  Nevertheless, I write separately to emphasize one point.  The record on appeal does not permit us to decide the question whether a trial court has the inherent authority, as opposed to the statutory authority in certain situations, see, e.g., Code §§ 16.1-278.8(A)(5); 18.2-61(C); 18.2-67.1(C) and 18.2-251, to decline to render judgment in a criminal case and continue the case with or without probationary-type terms with the understanding or promise that the court will ultimately render a particular disposition after a specified period of time.  I stress this point because of my concern that, according to Justice Koontz' concurring opinion, it is a common practice by the trial courts in this Commonwealth to dispose of criminal cases in

15

this manner when a defendant requests the court to do so and the Commonwealth agrees although the General Assembly has not authorized that type of disposition for the particular offense at issue.

The concurrence also states that a trial court's "inherent authority to render justice in a given case should extend in scope sufficient to permit this procedure to be used in appropriate cases and upon consent of the accused and the Commonwealth." But, this is the precise question that the Court does not answer today because it is not properly before us. The Court's inability to address this issue should not be viewed as a tacit approval of the practice.

For this reason, I respectfully concur.