PRESENT:   All the Justices

NEW DIMENSIONS, INC.

v.     Record No. 120760

CATHERINE TARQUINI

OPINION BY
JUSTICE S. BERNARD GOODWYN
June 6, 2013

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Gaylord L. Finch, Jr. Judge

In this appeal, we consider whether the circuit court erred in holding that the four defenses set forth in the federal Equal Pay Act, 29 U.S.C. § 206(d)(1), are affirmative defenses that are waived if not pled.  We conclude that while the defenses set forth in the Equal Pay Act are affirmative, they were not waived under the facts presented in this case, and the circuit court erred in precluding the introduction of evidence related to those defenses.

Background

Catherine Tarquini filed an amended complaint against New Dimensions, Inc. (NDI) in the Circuit Court of Prince William County, alleging breach of contract, quantum meruit and violation of the Equal Pay Act (EPA).  Tarquini sought damages of $160,000 for her breach of contract and quantum meruit claims, and damages equal to the difference between her salary commission rate and that paid to NDI's male employees, in addition to statutory liquidated damages, attorneys' fees and costs for the EPA claim.

NDI answered. NDI denied Tarquini's allegation that it had violated the EPA but it did not affirmatively plead the defenses articulated in the statute. The case proceeded to discovery, during which NDI disclosed the substance and nature of its alleged seniority and merit-based compensation system as an explanation for why Tarquini was paid less than other employees, both male and female, who held the same job. Two business days before trial, Tarquini filed a motion in limine to prohibit NDI from presenting evidence in defense of the EPA claim because NDI had not pled any affirmative defense to the claim. The circuit court granted the motion in limine and denied NDI's motion for reconsideration.

After a three-day bench trial, the circuit court issued a letter opinion and held that Tarquini was entitled to $33,985.53 in commissions under her express contract, and was not entitled to quantum meruit recovery because the express contract governed the parties' relationship. Based on its earlier ruling granting Tarquini's motion in limine, the circuit court refused to consider NDI's defenses to the EPA claim and awarded Tarquini $6,867.04 on the EPA claim, plus an equal amount of liquidated damages. At a later hearing, the parties presented expert testimony and argument on the issue of attorneys' fees and costs due Tarquini pursuant to the EPA.

The circuit court awarded Tarquini $116,282.50 in attorneys' fees and $8,478.55 in costs on her EPA claim. NDI appeals.

## Facts

Tarquini interviewed for a position as a design and sales consultant with NDI, a homebuilding company, in 2005. NDI offered Tarquini a commission of 2.12% of her total sales and stated that commissions would be paid in accordance with the construction draw schedule. Tarquini accepted the position and was paid commissions at this rate. However, other design and sales consultants previously hired by NDI, both male and female, were paid commissions of 2.25%.

In 2007, Tarquini was terminated by NDI and was not paid commissions for certain sales she had secured, although work on these construction projects was substantially completed prior to her termination. Tarquini retained counsel, and NDI sent Tarquini's attorney a check in the amount of approximately $33,985.00, representing what it believed it owed in commissions. Tarquini did not accept the check and filed this action.

## Analysis

NDI argues that the circuit court erred in granting Tarquini's motion in limine and preventing NDI from presenting evidence of its gender-neutral compensation system at trial. It asserts that it was not necessary for NDI to affirmatively

plead its gender-neutral compensation system as a defense because the EPA specifically sets forth such a compensation system as a defense. NDI claims that it was not required to expressly plead any of the four enumerated statutory defenses, and that this Court has held that there is no requirement to affirmatively plead a defense that is evident from the subject of an action.

NDI submits that the requirement that affirmative defenses be pled exists to prevent surprise or prejudice at trial, and that long before trial Tarquini was aware that NDI sought to present evidence of a gender-neutral compensation system in defense of her EPA claim. According to NDI, no prejudice would have resulted from the presentation of such evidence.

Tarquini replies that the circuit court properly granted her motion in limine because NDI failed to affirmatively plead its statutory defenses under the EPA. She claims that it is well-established under Virginia law that affirmative defenses must be pled to prevent unfair surprise or prejudice at trial, and although this Court has not considered whether the EPA statutory defenses must be explicitly pled, federal courts have determined that they are affirmative defenses. Thus, Tarquini argues, NDI's failure to properly plead its affirmative defenses resulted in a waiver of those defenses, and that the

waiver was not excused by Tarquini's awareness that such defenses were possible.

Whether the statutory defenses set forth in the EPA are affirmative defenses is a pure question of law that this Court reviews de novo. See, e.g., Moreau v. Fuller, 276 Va. 127, 133, 661 S.E.2d 841, 844-45 (2008). This standard likewise applies to the determination of whether any such affirmative defenses would be waived if not pled. See id. These are questions of first impression.

The EPA prohibits employers from discriminating on the basis of gender:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

29 U.S.C. § 206(d)(1)(emphasis added).

"To make out a prima facie case under the EPA, the burden falls on the plaintiff to show that the skill, effort and responsibility required in her job performance are equal to those of a higher-paid male employee." Wheatley v. Wicomico

5

Cnty., 390 F.3d 328, 332 (4th Cir. 2004). Upon the plaintiff establishing a prima facie case, "the burden then shifts to the employer to prove, by a preponderance of evidence, that the pay differential is justified by the existence of one of the four statutory exceptions set forth in § 206(d)(1): (1) a seniority system, (2) a merit system, (3) a system that measures earnings by quantity or quality of production, or (4) a differential based on any factor other than sex." Strag v. Board of Trs., 55 F.3d 943, 948 (4th Cir. 1995). If the employer successfully bears this burden, the plaintiff's claim fails unless she is able to rebut the employer's evidence. Id.

This case presents an instance in which application of reverse-Erie doctrine[1] is appropriate: a federal statutory cause of action brought for trial in state court. This Court therefore applies federal substantive law and must determine whether Virginia procedural law governs the procedural aspects of the federal statutory cause of action.

The federal law applicable in this case is the EPA. Whether the four enumerated exceptions to the statutory

---

[1] Erie doctrine is the principle under which federal courts sitting in cases of diversity jurisdiction apply state substantive law and federal procedural law. See Hanna v. Plumer, 380 U.S. 460, 473-74 (1965); Erie R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938). Reverse-Erie doctrine involves the application of state procedural law to federal substantive causes of action in state court. See Felder v. Casey, 487 U.S. 131, 151 (1988).

provisions are affirmative defenses is likewise a matter of federal substantive law.  See Blair v. Manhattan Life Ins. Co., 692 F.2d 296, 299 (3d Cir. 1982) ("'The question of which party bears the burden of proof in a diversity case ordinarily is a matter of substantive law within the meaning of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), and so is governed by state law. In such a case, the district court is obligated to determine the burden of proof in accordance with the law of the forum state . . . .'" (quoting DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193, 1200 (3d Cir. 1978))) (internal citations omitted).  The Supreme Court of the United States and other federal courts have categorized the EPA defenses as affirmative.  See, e.g., County of Washington v. Gunther, 452 U.S. 161, 169 (1981) ("The Equal Pay Act is divided into two parts:  a definition of the violation, followed by four affirmative defenses."); Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974); Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 344 (4th Cir. 1994) ("The defendant must prove one of four affirmative defenses to avoid liability.").  We therefore hold that the enumerated EPA statutory defenses are affirmative defenses in accordance with federal law.

Under Erie, in federal diversity actions substantive state law determines whether a defense is affirmative.  The Federal Rules of Civil Procedure "provide the manner and time in which

7

defenses are raised and when waiver occurs . . . ." _Arismendez_
_v. Nightingale Home Health Care, Inc._, 493 F.3d 602, 610 (5th
Cir. 2007) (citation omitted).   The inverse is true in cases
where state courts apply federal substantive law, subject to
certain constraints.  _See_ _Felder_, 487 U.S. at 150 ("Federal law
takes state courts as it finds them only insofar as those
courts employ rules that do not 'impose unnecessary burdens
upon rights of recovery authorized by federal laws.'" (quoting
_Brown v. Western Ry. Co._, 338 U.S. 294, 298-99 (1949))).

   "Just as federal courts are constitutionally obligated to
apply state law to state claims, so too the Supremacy Clause
imposes on state courts a constitutional duty 'to proceed in
such manner that all the substantial rights of the parties
under controlling federal law [are] protected.'"  _Id._ (quoting
_Garrett v. Moore-McCormack Co._, 317 U.S. 239, 245 (1942)).
Thus, federal substantive law is applied under state procedural
rules to the extent that the state rules do not interfere with
the consistent operation of federal law.  _Id._ at 151.  This
Court must determine the procedural law applicable to the
pleading of the EPA affirmative defenses in Virginia courts.

   The Virginia rules concerning the pleading of affirmative
defenses are not expressly preempted by federal statute.  There
is no statute-specific or blanket federal provision that could
have been intended to apply to the pleading of the EPA

8

affirmative defenses, save Rule 8(c) of the Federal Rules of Civil Procedure.  The Commonwealth has a discrete interest in controlling litigation conducted in its courts under consistent rules, and we hold that application of Virginia pleading standards to the EPA affirmative defenses would not lead to a substantial difference in outcomes of state and federal EPA actions.  Therefore, we will apply Virginia procedural law concerning the pleading of affirmative defenses in EPA actions brought in Virginia courts.

In doing so, this Court necessarily looks to the procedural pleading principles articulated in Monahan v. Obici Med. Mgmt. Servs., 271 Va. 621, 628 S.E.2d 330 (2006).  See Chesapeake & Ohio Ry. Co. v. Meadows, 119 Va. 33, 43, 89 S.E. 244, 247 (1916) (applying Virginia procedure in FELA matter).  Our jurisprudence has long "required that a party raise specific defenses (just as a plaintiff must give notice of claims) so that surprise and prejudice at trial from late revelation of unanticipated legal theories is avoided."  Monahan, 271 Va. at 632, 628 S.E.2d at 336.  "This has generally led to a requirement that affirmative defenses must be pled in order to be relied upon at trial."  Id.

This Court, however, has found exceptions to the general requirement that affirmative defenses be pled, including:  (1) where the issue addressed by the affirmative defense was not

disclosed in the plaintiff's pleading; (2) where the affirmative defense is not an absolute bar to recovery; and (3) where the affirmative defense is "addressed by statute." Id. at 632-34, 628 S.E.2d at 336-37. The affirmative defense at issue in Monahan was mitigation of damages, and in holding that the defense need not be specifically pled, this Court noted that "we express no opinion as to the specific pleading of any other affirmative defense." Id. at 634 n.11, 628 S.E.2d at 337 n.11.

Traditional affirmative defenses or special pleas that constitute an absolute bar to recovery include "statute of limitations, absence of proper parties, res judicata, usury, a release, prior award, infancy, bankruptcy, denial of partnership, bona fide purchaser, and denial of an essential jurisdictional fact alleged in the bill." Id. at 634, 628 S.E.2d at 337. The requirement that most such defenses be specifically pled arises from their collateral nature. Where a defendant seeks to rely upon an affirmative defense not apparent from the allegations pled and unrelated to the elements of a plaintiff's cause of action, that affirmative defense must be pled to avoid unfair surprise or prejudice to the plaintiff.

Unlike traditional affirmative defenses, the EPA "affirmative defenses" are specifically listed as exclusions in

the statute that creates the cause of action.  The affirmative defenses are broad and include the general defense that the plaintiff was not discriminated against on the basis of gender. 29 U.S.C. § 206(d)(1).

The EPA does not on its face require that its affirmative defenses be pled.  See id.; cf. Jones v. Jones, 249 Va. 565, 571-72, 457 S.E.2d 365, 369 (1995) (noting that the affirmative defense of the statute of limitations must be pled, per the statute).  Because the EPA defenses are stated in the statute creating the cause of action, and include any defense that the differential is based on a factor other than gender, the plaintiff is put on notice of the assertion of an affirmative defense when the defendant denies that any pay differential is based on gender.  In such an instance, there is little risk of prejudice or surprise resulting from not also requiring the pleading of an affirmative general defense.

In this matter, for example, NDI's answer denied Tarquini's allegation that she was paid less because of her gender, putting her on notice of its defense.  Tarquini undisputedly acquired knowledge of NDI's defense during the protracted litigation of the case.  No prejudice resulted from NDI generally denying the allegation that Tarquini was paid less because of her gender, without also affirmatively pleading

11

that it was asserting, as a defense, "a differential based on [a] factor other than sex."  29 U.S.C. § 206(d)(1)(iv).

We hold that because the four statutory defenses under the EPA are express exceptions contained within the statute that creates the cause of action, and because in such cases there is little risk of prejudice or surprise, Virginia procedural law does not require that such EPA affirmative defenses be pled to avoid waiver of the right to assert those defenses to the claim.  We therefore reverse the circuit court and hold that NDI did not waive its right to present evidence regarding its defenses to the EPA claim.[2]

### Conclusion

Accordingly, for the reasons stated, we will reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

---

[2] Given this holding, there is no need to address the issue of attorneys' fees.