## CIRCUIT COURT OF THE CITY OF RICHMOND

Stafford County Board of Supervisors

v.

Mack I. Shanholtz,
Commissioner of Public Health,
and State Water Control Board

June 24, 1976

Ended Files Nos. 77-7571 and 77-7572

By JUDGE ALEX H. SANDS, JR.

This matter is now before the Court upon demurrers filed by defendants in each of the cases.

All pertinent facts have been stipulated by the respective counsel so that there is no area of fact in dispute.

In the fall of 1973 Aquia Sanitary District of Stafford County (Aquia) decided to construct an advanced waste water treatment plant to serve its area. As its first step it employed the engineering firm of Gilbert W. Clifford & Associates (Clifford) to develop a plan for the construction of the desired plant.

In the meanwhile the State Water Control Board had just adopted certain new water quality standards, compliance with which would have to be had by any new project in the field of water treatment, and plans for their construction had to be submitted by Aquia prior to December, 1975, in order to enable Aquia to qualify for hardship planning funding.

Aquia and Clifford, their architect, fearing that a conventional plan, if submitted, would not meet the new quality standards, decided to develop and adopt an

experimental treatment plant which it was hoped would meet both the needs of Aquia and satisfy the new standards.

This was one of the first, if not the first, instances under the new quality standards of the defendant of an application by a locality for approval of a plan for a waste water treatment system and neither plaintiffs nor defendants were certain that the so-called "conventional type" of system would meet the new requirements. It was for this reason that Aquia decided to go the "experimental route."

During the period from October, 1973, to May, 1975, defendants and plaintiffs had correspondence and conferences concerning the ability of the experimental plan offered by plaintiff to meet the new standards. In March of 1974 preliminary plans for the "experimental" project as prepared by Clifford for plaintiff were submitted to the Director of the Bureau of Sanitary Engineering, and on March 20, 1974, the director wrote Clifford, Aquia's engineer (copy to Aquia) that he had recommended to defendant that the experimental plan be approved as such subject to the conditions set forth in such letter.

Aquia, apparently having received no further indication whether its experimental plan would be accepted or rejected and having become estranged from its engineer, Clifford, fired him and in January, 1975, formally submitted its experimental plan to defendant for its initial review. Defendant, through the director of the Bureau of Sanitary Engineering, by letter of April 22, 1975, stated that it would accept Aquia's experimental plan upon an experimental basis requiring substantial escrow account.

Having been advised by the office of the U. S. Environmental Protection Agency to have prepared and submit to defendant a conventional plan in addition to the experimental plan and, if both were approved, to select the least costly, Aquia thereupon employed the engineering firm of Russell & Axon to prepare a conventional plan. This was done, submitted and approved by defendant. Aquia then sought to have defendant review the experimental plan which request was refused by defendant upon the

basis that its "policy" was to limit its review to a single plan submitted by any one person (or community).[1]

There are but two issues involved in this case.

1. Are the duties imposed upon defendant by Section 62.1-44.19 of the Code of Virginia, as amended, to review plans as therein set forth discretionary duties or ministerial duties?

2. Does this section confer upon Aquia the right to have its "experimental plan" reviewed and acted upon after it had approved Aquia's conventional plan?

The ruling upon the first issue is critical to Aquia's right to seek relief by mandamus, for if the duty requires the performance of a discretionary act, no action of mandamus lies.

The statutes here under consideration provide for the performance of two separate and distinct duties by defendant. Section 62.1-44.18 imposes upon defendant the duty, upon request, of consulting with and *advising* sanitary districts as to the most appropriate type of treatment to fit the particular needs of such sanitary district.

Whether the duty imposed by this section is discretionary or ministerial is not dispositive of the first issue. Aquia does not, at this stage, seek advice or consultation. It has had enough of this already--too much talk and no action. What Aquia seeks is compliance with the mandate of § 62.1-44.19, paragraphs (3) and (4). These sections require the Department of Sanitation, upon receipt of plans, to *review* them and file within one month with the Board a report recommending approval or rejection of the plans; and the Board, upon receipt of the report, is required to, itself, review the plans and within two months make a ruling either approving or rejecting the plans. The duty to *review* such plans is clearly the duty to perform a ministerial act. *Prince William County v. Hylton Enterprises, Inc.,* 216 Va. 582 (1976). This duty imposes no restrictions upon the Board either as to how it is to conduct its review or as to what considerations it must give to what information but only that the Board conduct a *review* of the plans and make such ruling as

---

[1] There is no such policy incorporated in any regulation, bulletin or other document put out by defendant.

it deems appropriate. No effort is being made by Aquia to mandamus the Board to *approve* the plan, only to *review* it.

It is, accordingly, *held* that the act as to which Aquia seeks mandamus is ministerial.

As to the second issue, defendants argue that the statute does not impose upon them the duty to review more than one set of plans per applicant. This is true, but neither is there any language in the statute which *restricts* the duty to one set of plans. For the Court to attempt to read into the statute any such restriction would be in the teeth of the authority upon which defendants rely. *See Davis v. Dusch*, 205 Va. 676 (1964).

The first plan filed with the defendants was the experimental plan. Aquia was clearly entitled to a review thereof and an approval or a rejection thereof. It received neither. Instead of a review and definitive ruling on the plan, defendants submitted what amounted to a counter suggestion of a "conditional approval" conditioned upon an "escrow deposit" which was neither authorized by statute nor by any official regulation promulgated by defendants and, furthermore, a condition which, from the evidence, had never been made known to Aquia or any other applicant but which was obviously a belated restriction imposed in this one instance.[2]

Plaintiffs' petition for mandamus will, accordingly, be granted.

---

[2] It is significant that this "escrow" was not mentioned in the letter of 20 March 1974 to Aquia's engineer.