## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Fairview Co.

v.

Board of Supervisors
of Spotsylvania County

September 6, 1990

Case No. C-90-464

By JUDGE WILLIAM H. LEDBETTER, JR.

This opinion addresses the demurrer filed by the Board in response to Fairview's bill of complaint and petition for mandamus. Arguments were heard on August 20, 1990, and the matter was taken under advisement.

*Facts*

Because the court is considering a demurrer, it is settled that for purposes of this decision, the court must assume the truth of all allegations properly pleaded and all reasonable inferences that may be fairly drawn from the allegations. Virginia Code § 8.01-273; *West Alexandria Properties v. First Virginia Mortgage*, 221 Va. 134 (1980). Viewed in that light, the facts are as follows.

On March 3, 1989, Fairview filed an application for preliminary plat approval of a proposed townhouse development in the Breezewood area of the County, to be known as Fairview Manor. The plat showed a total area of 5.0638 acres, consisting of a .0639-acre parcel and a 4.999-acre parcel.

The Board's agent for subdivision plat review examined the preliminary plat and on April 13, 1989, made several unfavorable comments. Pertinent to this decision, he observed that a portion of the land (the .0639-acre parcel) appeared to be part of a previously platted subdivision. Fairview withdrew its application, and no further action was taken on that plat.

On April 16, 1990, Fairview submitted a revised application and plat for preliminary approval. The new plat eliminated the .0639-acre parcel and described the total area of the land as "5.000 acres = 217,800 sf."

On May 9, 1990, the planning commission refused to review Fairview's revised plat because it failed to meet "minimal submittal requirements." The requirement to which the commission referred is the five-acre minimum area requirement for townhouse developments contained in § 23-173(b) of the County's zoning ordinance. By two letters dated May 22, 1990, the planning director and the County attorney explained that the revised plat was "incomplete" and "not appropriate for review" because "the proposed plans do not meet the five-acre minimum submittal requirement." According to the County's calculations, the County attorney asserted, the platted parcel is only 4.99991 acres, not five acres as represented on the plat.

When the Board refused to consider the application further, Fairview instituted this suit. The Board demurred.

In its bill, Fairview asks the court to declare the Board's refusal to act "illegal" and to mandate that the Board accept the revised plat and grant preliminary plat approval.

In response, the Board contends that the proposed subdivision contains only 4.99991 acres and, as a matter of law, does not meet the requirements of the zoning ordinance. In the alternative, the Board contends that Fairview has not exhausted its administrative remedies because it could have appealed the planning director's decision to the County Board of Zoning Appeals pursuant to Virginia Code § 15.1-495 and § 15.1-496.1.

*Decision*

Zoning regulations and subdivision controls are intended to implement a common plan for community development. Virginia Code § 15.1-446.1(6). They must work in concert. As a practical matter, this objective is complicated by the fact that authority to adopt a plan and enact regulations is vested in the legislative body (the Board of Supervisors), authority to dispense administrative relief from the zoning regulations is placed in an independent agency (the Board of Zoning Appeals), and authority to review subdivision plans is in a third agency (the Planning Commission and its staff). In many respects, the separate agencies have dissimilar procedures for enforcement and relief.

Most counties and municipalities that have established subdivision controls also have established zoning regulations. Thus, plats normally involve land already subject to zoning. 4 Anderson, American Law of Zoning (3rd Edition) sect. 25.21. There is a distinction between regulating *where* land can be devoted to subdivision use and regulating the *manner* in which a subdivision can be constructed. The former is exclusively a zoning issue; the latter is a matter of subdivision control within the province of the planning department. These decisions of the planning commission and its staff are administrative. 21 M.J., *Zoning and Planning*, § 7.

Despite these distinctions and separate lines of authority, a planning department should not approve subdivision plats which violate zoning regulations. 4 Anderson, *supra*, § 25.21; also 82 Am. Jur. 2d, *Zoning*, § 167. Such an approval would be a disservice to the developer who would be unable to build on his lots because he could not obtain zoning certificates and building permits. Such an approval also would be a disservice to the community because it would create confusion about implementation of the comprehensive plan through the zoning regulations. In fact, the issue has not been litigated frequently. A leading authority theorizes that the lack of cases is explainable in terms of "the evident propriety of requiring a subdivision plan to comply with other ordinances regulation the use of land." 4 Anderson, *supra*, § 25.21. The cases that have decided the issue hold that a subdivision

plan may be properly disapproved where it violates the zoning ordinance. See *Czajkowski v. Planning and Zoning Board*, 540 A.2d 716 (Conn. 1988); 82 Am. Jur. 2d, *Zoning* sect. 167.

Here, however, the County did not disapprove Fairview's plat on the ground it violates the zoning ordinance. Instead, the planning department refused to approve or disapprove; it rejected the application and refunded the filing fee, citing the plat's noncompliance with the zoning ordinance. This refusal to act frames the controversy and molds the procedural posture of the case.

The Board contends that its planning agent properly refused to review Fairview's revised preliminary plat because the plat was not "officially submitted for approval" as that term is used in Virginia Code § 15.1-475.

The statute provides that the reviewing agent must act on a proposed preliminary plat within 90 days after it has been officially submitted for approval. If no action is taken within the time specified, the applicant may, after ten days' notice, petition the circuit court to enter such order "as it deems proper, which may include directing approval of the plat." Virginia Code § 15.1-475.

Review of subdivision plats is an administrative proceeding. If the plat complies with the statutes and regulations, approval is a ministerial matter. *Prince William County v. Hylton Enterprises*, 216 Va. 582 (1976). However, there are basic requirements that must be met in order to justify a review and decision. 4 Anderson, *supra*, § 25.11. Plats which omit data reasonably required by law need not be considered. 4 Anderson, *supra*, § 25.13. The period within which a decision must be made does not begin with filing an inappropriate form. 4 Anderson, *supra*, sect. 25.16.

The purpose of these basic submittal requirements is to insure that the reviewing agent is furnished adequate information by the developer and his engineers so that an informed decision for approval or disapproval can be made. Therefore, a plat is "officially submitted" within the meaning of § 15.1-475 when the applicant files an application in appropriate form in the proper office, accompanied by the fee, and submits a plat for the purpose of review which contains all of the data reasonably required by the subdivision regulations and by Virginia Code Section

15.1-476. "Officially submitted" does not mean "officially received." Once the basic requirements are met, the agent must review the plat and approve or disapprove it.

No authority has been cited, and none can be found, for the proposition that a plat review agent can refuse to act on a subdivision plat, otherwise properly submitted, on the ground that the proposed plat violates zoning regulations when the applicant disputes that claim and contends in good faith that the plat in fact complies with the zoning ordinance in issue. If, after review, it is determined that the plat violates the zoning ordinance, it can be disapproved. The reviewing agent cannot, however, refuse to accept it, review it, and act on it.

This distinction is not meaningless. Once his plat is officially disapproved, the developer may appeal the merits of that decision to the circuit court. Virginia Code § 15.1-475. In the alternative, he may wish to seek a legislative change to the zoning ordinance; or, as a further alternative, he may wish to seek a variance from the zoning regulation in issue by application to the Board of Zoning Appeals. Without any official action on his proposed plat, he is left in limbo. He cannot appeal on the merits because there has been no decision on the merits, and mandamus may not lie because of the purported noncompliance with the zoning ordinance. The statutory provision requiring action within a specified time is intended to avoid such a result.

The Board also contends that Fairview has not exhausted its administrative remedies. Virginia Code § 15.1-495 and § 15.1-496.1 pertain to appeals to the board of zoning appeals from any determination made by an administrative officer with respect to administration or enforcement of *zoning* regulations. The statutes explicitly refer to determinations made under "this article." "This article" is Article 8 of Chapter 11. Article 8 is "Zoning." The planning director's refusal to review Fairview's preliminary plat was not a zoning decision. The refusal was not made by an administrative officer under Article 8. Therefore, the Board's second argument is without merit.

For the reasons given, the Board's demurrer will be overruled.

### Conclusion

Ordinarily, when a demurrer is overruled, the demurrant is given the opportunity to file an answer and the case proceeds to a decision on the merits of the claim. Here, however, it is obvious that the case must be remanded to the Board and its plat review agent with· direction that the plat be reviewed and acted upon. Fairview requests a mandate that the Board or its agent *approve* the plat. This the court cannot do. As explained above, if the plat violates the zoning ordinance, the plat can be disapproved. Whether Fairview's plan violates the zoning ordinance (*i.e.*, contains less than five acres) is in dispute. Fairview contends that the County's calculations are wrong; or, alternatively, that 4.99991 acres, is, according to accepted engineering standards and County regulations, to be treated as five acres. Fairview is entitled to a formal decision on this issue by the plat reviewing agent. It may then appeal that decision on its merits to the court under Virginia Code § 15.1-475, or it may seek legislative or administrative relief from the strictures of the zoning regulation in issue.

Accordingly, the Board's demurrer will be overruled and the case is returned to the Board and its plat review agent with directions that it review and act upon Fairview's proposed preliminary plat forthwith.