## CIRCUIT COURT OF SMYTH COUNTY

Town of Saltville

v.

Barry S. Surber,
Saltville Publishing Co.,
Stanley M. Cahill,
and Tina M. Price

Case No. CL11-100

By JUDGE ISAAC ST. C. FREEMAN

July 11, 2011

This matter came for hearing June 16, 2011. In the meantime, the Court has had the opportunity to review the entire file, including the authorities submitted. Arguments of counsel were reviewed and given due consideration.

The Court agrees the Town of Saltville acted properly and with all due respect to each defendant by bringing its Motion for Declaratory Judgment. It is clear the Town was caught on the horns of a dilemma considering the facts as stated in its Complaint.

The Court also agrees that a Freedom of Information Act request and response under Virginia Code § 2.2-3700 *et seq.* is purely statutory. The Town acted properly seeking guidance in determining its legal obligation to each of the defendants. The Court reviewed the appropriate statutes and the interpretations of certain case law, including that recited by Mr. Burkholder and Mr. Conway. *Umstattd v. Centex Homes*, 274 Va. 541, 650 S.E.2d 527 (2007). In order to make proper rulings, the Court must first look to Virginia Code § 2.2-3701 and the definition of Public Records and in particular those records which may be considered "transaction of public business." Secondly, the Court must consider the documents, which are included within the file as exhibits G and H and those included in Sealed Exhibit # 1. The purpose of examining each individual document is to determine whether that document is a public record and/or if it is considered a "transaction of public business."

After due consideration, the Court overrules the Demurrer filed by defendant Surber. Defendant Surber's Petition for a Writ of Mandamus is denied, and a default judgment shall be granted against defendants Price and Saltville Publishing Company.

The Court also determines that the issues presented in the Motion for Declaratory Judgment are ripe for decision. As stated previously, the exhibits have been carefully reviewed. Some deal with the transaction of town business, and some are totally personal and are not subject to disclosure under the Freedom of Information Act. Exhibits G and H fall within the Freedom of Information Act. Each of the e-mails in the exhibits is in the file and open to the public. Mr. Burkholder is directed to furnish copies to anyone interested. The Court read each of the e-mails included in Sealed Exhibit # 1. There are nine letters which are considered part business and part personal. The Court redacted the portion considered personal in each. Those e-mails are being sent to Mr. Burkholder, and he is directed to send copies to all counsel of record.

August 24, 2011

*Final Order*

This matter arises out of a dispute regarding the Virginia Freedom of Information Act, Va. Code §§ 2.2-3700 *et seq*. The petitioner, Town of Saltville, Virginia, is a Virginia municipal corporation. As such, the Town is defined by the statute as a public body and is therefore subject to the obligations imposed by that Act. Respondents Surber and Saltville Publishing Company submitted Freedom of Information requests to the Town for certain communications to or from respondent Cahill, a former member of the Saltville Town Council. Respondent Price is an employee of the Town of Saltville and a party to some of the communications at issue in this proceeding. Price objected to the Town releasing the communications in question on the grounds that they were personal and unrelated to the transaction of public business.

The Town brought the present action pursuant to the Declaratory Judgment Act, Va. Code §§ 8.01-184 *et seq*., asking the Court to determine the applicability of the Freedom of Information Act to the disputed documents and to determine whether the same should be disclosed or withheld, in whole or in part. The Town submitted the disputed documents to the Court as Sealed Exhibit 1 to the complaint.

All of the parties respondent were duly served with process herein. Respondents Saltville Publishing Company and Price have filed no responsive pleadings and made no appearance in this matter. Respondent Cahill filed an answer. Respondent Surber filed a demurrer to the Town's declaratory judgment complaint and also filed a petition asking the Court

to issue a writ of mandamus requiring the Town to release the disputed documents and to pay Surber's attorney's fees. The Town filed pleadings in response to Surber's demurrer and petition for mandamus. The Town also moved for a default judgment as to respondents Saltville Publishing Company and Price.

Pursuant to notice, the Court conducted a hearing on June 16, 2011. Counsel for the petitioner, counsel for respondent Surber, and counsel for respondent Cahill were all present before the Court on the day of hearing. In addition, the petitioner was present in the persons of its mayor, town manager, clerk/treasurer, and one member of its governing body. Respondent Surber was also present in person on the day of the hearing. Respondents Saltville Publishing Company and Price made no appearance at the hearing. Whereupon, the Court proceeded to receive the arguments and authorities tendered by counsel for the Town, Surber, and Cahill, and the Court took the matters under advisement to consider the same.

Having reviewed the entire record herein, including the disputed documents submitted as Sealed Exhibit 1 to the complaint and having further carefully considered the authorities submitted and the arguments made, both orally and in writing, on behalf of the parties present for the June 16, 2011, hearing, and for the reasons that are more particularly set forth in the Court's letter opinion in this matter dated July 11, 2011, the Court now makes the following rulings.

The Town's motion for default judgment as to respondents Saltville Publishing Company and Price is granted, and those respondents shall be bound by the Court's rulings herein.

Respondent Surber's demurrer to the Town's declaratory judgment complaint is not well taken, and the same is hereby overruled.

Respondent Surber's petition for a writ of mandamus is hereby denied.

Respondent Surber's claim against the Town of Saltville for the payment of Surber's attorney's fees in this proceeding is hereby denied.

The Court finds that complaint exhibits G and H fall within the scope of the Freedom of Information Act and that the same were properly produced by the Town. The petitioner shall provide copies of complaint exhibits G and H to any party who may make a valid request therefor under the Virginia Freedom of Information Act. The foregoing exhibits are also publicly available in the Circuit Court Clerk's Office of Smyth County, Virginia, as part of the court file in the present proceeding.

With respect to the documents submitted as Sealed Exhibit 1 to the complaint, the Court finds that nine of the communications are, in part, records "in the transaction of public business" and, therefore, subject to disclosure under the Freedom of Information Act. The court has redacted those portions of the nine records which are purely personal and do not constitute the transaction of public business.

The Town is ordered to provide copies of the following documents from Sealed Exhibit 1, as those documents have been redacted by the Court, to respondents Surber and Saltville Publishing Company. The Town shall provide the enumerated pages from Sealed Exhibit 1 upon receipt of a duly attested copy of the present order as entered by the Court: Saltville Sealed 000001, Saltville Sealed 000020, Saltville Sealed 000029, Saltville Sealed 000031, Saltville Sealed 000032, Saltville Sealed 000033, Saltville Sealed 000034, Saltville Sealed 000038, Saltville Sealed 000040, Saltville Sealed 000044.

The Court finds that all records in Sealed Exhibit 1, other than the unredacted portions of the pages itemized in Paragraph 7 of this order, are not records in the transaction of public business. Therefore, the same are not subject to disclosure under the Freedom of Information Act.

The Court orders that Sealed Exhibit 1 shall remain under seal in the court file, and the same shall not be disclosed, except for the portions thereof that are specifically itemized in this order.

There remaining nothing further to be done, this action is dismissed with full prejudice to the rights of all the parties hereto. The Clerk shall strike this matter from the active docket and place the same among the ended causes. Endorsement of this order by respondents Price and Saltville Publishing Company is dispensed with pursuant to Rule 1:13. The Clerk is directed to send an attested copy of this order to all counsel of record and to the unrepresented parties.